UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL ROSS, an individual,<br><br>  Plaintiff,<br>  v.<br><br>FRED MEYER STORES, INC., an Ohio State Corporation and subsidiary of The Kroger Co., doing business within the State of Washington,<br><br>  Defendants. | Civil Case No. 09-05285 FDB<br><br>STIPULATION AND ORDER REGARDING THE PRODUCTION AND USE OF CERTAIN DOCUMENTS |

Pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule CR 5(g), and the parties' stipulation, it is hereby ORDERED:

1. **Specifically Designated PROTECTED Documents.** The parties have requested or anticipate requesting the production of documents containing confidential personnel data relating to employees and/or former employees of defendant Fred Meyer Stores, Inc. ("Fred Meyer"). Such documents include personnel files, medical information, tax records, and other confidential information. Public disclosure of these documents would be irretrievably damaging both to third-party individuals employed by or previously employed by Fred Meyer, and/or to Fred Meyer, and the parties agree that these documents should be produced only if they are protected from public disclosure. As such, a protective order is appropriate as Fred Meyer's duty to protect its

STIPULATION AND ORDER REGARDING THE PRODUCTION AND
USE OF CERTAIN DOCUMENTS - 1
(Civil Case No. 09-05285 FDB)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:412782.1

employees' confidential information outweighs the public's interest in reviewing these documents as part of this litigation. Accordingly, all such documents produced by plaintiff, Fred Meyer, or third parties with a duty to protect the confidential data (e.g., healthcare providers) will be marked as "PROTECTED" and thereby subject to the provisions of this protective order.

2. **No Waiver.** The inadvertent, unintentional, or *in camera* disclosure of any of these PROTECTED documents (or information therein) or any document subject to confidentiality protection under this Order but not marked as such (or information therein), shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Further, nothing contained in this Order, and no action taken pursuant to it, shall prejudice or waive the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document or information, whether marked PROTECTED or not.

3. **Use of PROTECTED Documents.**

(a) The use of any PROTECTED documents or information therein shall be restricted to use for preparation and trial of this litigation in the manner described herein, and shall not be used for any other purpose.

(b) Except with the prior written consent of the designating party or as otherwise expressly permitted by this order, PROTECTED documents and the information therein shall not be revealed to any person, except as follows:

(i) PROTECTED documents and information therein may be revealed to any attorney of record for this action and to persons regularly employed by such attorneys to assist in this litigation to the extent reasonably necessary to render professional services in this action;

(ii) PROTECTED documents and information therein may further be revealed to, and a copy given to an accountant, economist, or other person who has been retained by counsel in this action as a consultant or as an expert witness; and

(iii) PROTECTED documents and the information revealed therein may be revealed to deponents during their depositions.

STIPULATION AND ORDER REGARDING THE PRODUCTION AND
USE OF CERTAIN DOCUMENTS - 2
(Civil Case No. 09-05285 FDB)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:412782.1

(iv) Any non-party shown a PROTECTED document subject to this order shall sign the attached Exhibit 1 or shall affirm under oath in their deposition that the document is PROTECTED and covered by this order.

(c) The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of PROTECTED documents and the information therein. Each copy of a PROTECTED document must have the legend "PROTECTED" on its face. In no event shall the parties duplicate any PROTECTED documents except for (i) working copies and for (ii) filing in court under seal or with redactions agreed to by the opposing party. Each copy of a PROTECTED document shall be considered a PROTECTED document governed by this protective order.

(d) The parties have access to all PROTECTED documents, subject to the limitations of this order. To the extent either party wishes to change the terms of this order, counsel shall confer either by telephone or in person with the opposing party's counsel in an attempt to agree upon any proposed changes prior to filing any motion to amend this protective order.

(e) Prior to filing with the court any document marked PROTECTED, the parties will confer in good faith as to reasonable redactions to the document that would remove confidential information or otherwise protect the confidential information contained therein. Redactions specified in Local Rule CR 5.2 shall be presumed to be reasonable. If the parties agree on redactions, the PROTECTED document may be filed with the court with the redactions. If the parties do not agree on redactions, the PROTECTED document may only be filed under seal.

4. **Trial.** Prior to any trial on the merits in this action, the parties shall mutually discuss and attempt to agree on the method and manner by which the confidentiality of the PROTECTED documents and information subject hereto will be preserved at time of trial. In the event that the parties are unable to agree on the method and manner, they shall seek court intervention and ruling on the issue in advance of trial. The party seeking confidentiality has the responsibility for establishing a reasonable method of preserving such confidentiality at trial.

STIPULATION AND ORDER REGARDING THE PRODUCTION AND
USE OF CERTAIN DOCUMENTS - 3
(Civil Case No. 09-05285 FDB)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:412782.1

5. **Termination.** Within thirty (30) days after final conclusion of all aspects of this litigation, all PROTECTED documents and all copies of the same (other than those in the possession of outside counsel or filed with the Court) shall, at the request of the party producing and/or designating the documents, be returned to that party. If, after thirty (30) days after final conclusion of all aspects of this litigation, the party who produced and/or designated the PROTECTED documents does not request return of the documents, the documents shall be destroyed. Within forty-five (45) days after final conclusion of all aspects of this litigation, the party returning or destroying PROTECTED documents shall certify under oath that all PROTECTED documents have been returned or destroyed.

6. **Modification.** This Order may be modified only by: (1) motion to the Court following compliance with the meet and confer provision of paragraph 3 of this Order, or (2) by the Court's own motion after notice to the parties and an opportunity to be heard.

DATED this 11th day of February, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

Presented by:
MILLER NASH LLP

_/s/_
Susan K. Stahlfeld, WSB No. 22003
Adam Jussel, WSB No. 40936
  Attorneys for Defendant

Also presented by:
_/s/_
Joan K. Mell WSB No. 21319
  Attorneys for Plaintiff

STIPULATION AND ORDER REGARDING THE PRODUCTION AND
USE OF CERTAIN DOCUMENTS - 4
(Civil Case No. 09-05285 FDB)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:412782.1

**Exhibit 1**

**AGREEMENT OF EXPERT, CONSULTANT, OR WITNESS
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ (print or type name), an expert, consultant, or designated representative of _____ (print or type name of party or law firm), in connection with PAUL ROSS V. FRED MEYER STORES, INC., an Ohio State Corporation and subsidiary of The Kroger Co., doing business within the State of Washington,, United States District Court for the Western District of Washington at Seattle, Civil Case No. 09-05285 FDB, hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which is attached hereto, and has read and agreed to be bound by all of the provisions thereof.

DATED:_____     _____
                                    Signature

STIPULATION AND ORDER REGARDING THE PRODUCTION AND
USE OF CERTAIN DOCUMENTS - 5
(Civil Case No. 09-05285 FDB)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:412782.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26