UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ROSS,

      Plaintiff,

    v.

FRED MEYER STORES, INC.,

      Defendant.

Case No. C09-5285BHS

ORDER GRANTING
DEFENDANT'S MOTION
TO EXCLUDE PLAINTIFF'S
EXPERT WITNESSES

This matter comes before the Court on the motion of Defendant Fred Meyer Stores, Inc. ("Fred Meyer") to exclude Plaintiff Paul Ross' ("Ross") expert witnesses.  Dkt. 23.  The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and grants the motion as discussed herein.

## I.  INTRODUCTION AND BACKGROUND

Ross filed a complaint against his former employer, Fred Meyer, alleging wrongful termination and outrage in Pierce County Superior Court on April 21, 2009.  Defendant removed the case to this Court on May 14, 2009,  and answered the complaint on May 26, 2009.  The case was initially assigned to the Honorable Franklin D. Burgess.

The parties submitted a joint status and discovery plan on August 21, 2009, and exchanged initial disclosures on September 9, 2009.

ORDER - 1

1    On September 15, 2009, the Honorable Franklin D. Burgess issued the first scheduling

2  order in this case. The Order states in pertinent part that Expert Witness Disclosure/Reports

3  under Fed. R. Civ. P. 26(a)(2) are due by April 26, 2010.  Dkt 9.

4    On April 28, 2010, the case was reassigned to the undersigned Judge, who thereafter

5  issued a scheduling order which confirmed that expert witnesses and their reports had been

6  due on April 26, 2010.  Dkts. 15 and 16.

7    On April 26, 2010, Ross filed his Disclosure of Expert Testimony (Dkt. 14), listing

8  four expert witnesses.  The first is Robert Moss, economist.  The disclosure states: "Mr.

9  Moss may be called to testify to the economic losses claimed by Paul Ross. Mr. Moss has not

10  at this time prepared a report as discovery is ongoing.  Further discovery is requested and

11  will be provided to the expert to develop his opinions.  Mr. Moss is expected to testify to the

12  damages set forth in Mr. Ross' initial disclosure."  Dkt 14.  The curriculum vitae and fee

13  schedule of Robert Moss were included in the disclosure.

14    The second expert identified is a healthcare provider, Dr. Michael Johnson.  The

15  disclosure states that Ross received health care treatment from Dr. Johnson and physical

16  therapy.  The disclosure also indicates that Ross had submitted to multiple independent

17  medical examinations.  In regards to these health care providers, Ross states: "Each of these

18  health care providers may be called to testify more as fact witnesses than expert witnesses;

19  however, their opinions with regard to his condition and the cause of his condition may be

20  offered into evidence." The disclosure further states that "[t]hey may be called to testify that

21  he sustained a work place injury from which he suffers long term consequences and

22  limitations that impact his employability and lifestyle."  Dkt. 14.

23    The third identified expert is Gary D. Sloan, who is identified as a human factors

24  expert.  The disclosure states that Mr. Sloan

25

26  ORDER - 2

1
2
3
4
5

> may be called to testify regarding Fred Meyer's performance standards and the impact of those standards on Mr. Ross.  He may be asked to describe appropriate work place standards that would enable Mr. Ross to perform efficiently and effectively without permanent or partial impairment. He may be asked to testify on [Fred Meyer's] Core Values, Methods Time Measurement, and Master Standard Data used to set performance standards.  He may be asked to testify regarding [Fred Meyer's] implementation of performance standards that caused Mr. Ross' injury and subsequent limitations in employment.  He may be asked to testify that [Fred Meyer] failed to accommodate Mr. Ross and that it could have accommodated him.

6
7

Dkt. 14.  Mr. Sloan's curriculum vitae was included in the disclosure.

8
9
10

The fourth listed expert is identified as a representative of the Department of Labor and Industries or the National Institute for Occupational Safety and Health.  The disclosure states that this representative

11
12
13

> may be called to testify regarding investigations into [Fred Meyer's] performance standards for warehouse workers. The representative may be asked to testify regarding accommodations recommended to enable return to work after injury as well as safe workplace practices and procedures following workplace injury.

Dkt. 14.

14
15
16

Defendant Fred Meyer moves to exclude the testimony of all of the aforementioned witnesses on the basis that the disclosure failed to comply with this Court's order and Fed. R. Civ. P. 26(a)(2)(B).

17

## II.  EXPERT WITNESS DISCLOSURE

18
19
20
21
22

Fed. R. Civ. P. 26(a)(2) governs expert disclosure requirements.  Section (A) requires the disclosure of the "identity" of any person who "may" be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence.  Section (B) requires more specific and detailed disclosures regarding witnesses "retained or specially employed to provide expert testimony . . . ."  RCW 26(a)(2)(B).

23
24
25

The information required to be disclosed includes the requirement of a "written report" prepared and signed by the expert witness.  The report shall contain a complete statement of

26

ORDER - 3

1 | all opinions to be expressed and the basis and reasons therefor; the data or other information

2 | considered by the witness in forming the opinions; any exhibits to be used as a summary of or

3 | support for the opinions; the qualifications of the witness, including a list of all publications

4 | authored by the witness within the preceding ten years; the compensation to be paid for the

5 | study and testimony; and a listing of any other cases in which the witness has testified as an

6 | expert at trial or by deposition within the preceding four years.  RCW 26(a)(2)(B).

7 |         Plaintiff has completely failed to comply with Rule 26(a)(2)(B).  Failure to comply

8 | with Fed. R. Civ. P. 26(a)(2)(B) automatically results in the exclusion of the expert witness

9 | and his or her testimony from all motions, hearings, and trial, unless the party opposing

10 | exclusion can demonstrate that the failure to make the disclosures was either substantially

11 | justified or harmless.  Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd v. Deckers Outdoor Corp*.,

12 | 259 F.3d 1101, 1106-07 (9th Cir. 2001); *Torres v. City of Los Angeles*, 548 F.3d 1197,

13 | 1213-14 (9th Cir. 2008).

14 |         Ross asserts that the Western District of Washington "opted out" of the Rule

15 | 26(a)(2)(B) requirement that experts prepare written reports (Dk. 33), citing the 1994

16 | comment to Local Civil Rule 26, which provides:

17 |         New federal rule 26(a)(2) requires each party to disclose specific information as
        to each expert witness it intends to call at trial.  It also requires that party to
18 |     furnish the other parties a written report from each such expert.  The W.D. Wn.
        requires the identification of experts and the furnishing of certain information
19 |     about them, but has "opted out" of the requirement from furnishing written
        reports.  Under the local rule, counsel is required to furnish other parties a
20 |     statement which contains essentially the same information as would have been
        contained in the expert's report.  The local rule deletes the requirement for a
21 |     listing of cases in which the expert has testified.  It has also altered the time
        schedule prescribed in the federal rule for identifying expert witnesses and
22 |     providing information about them.

23 |         This comment is absent from the current version of the Local Rules.  In fact, there no

24 | longer exists a local rule governing Civil Rule 26(a)(2).  The Western District amended the

25 | Local Civil Rules on November 16, 2000, requiring expert disclosures in conformance with

26 | ORDER - 4

1   Fed. R. Civ. P. 26(a)(2).  See Order Adopting Amendments to Local Civil Rules CR 5 and

2   CR 26 Through CR 37 Inclusive, November 16, 2000. Thus, Ross has no justification in

3   relying on a local rule that has not existed for nearly a decade.

4    Even if the rule did exist, it would be of no avail to Ross.  Under the terms of the rule,

5   and as indicated in the cited comment, litigants in this district are still "required to furnish

6   other parties a statement which contains essentially the same information as would have been

7   contained in the expert's report." The only specific information which is not mandatory by

8   the local rule is a listing of the cases in which the expert has testified over the last four years.

9    Ross did not provide the expert information required, nor has he provided substantial

10   justification for the failure to comply with Rule 26(a)(2)(B).

11    Ross also argues that noncompliance may be considered harmless as the disclosed

12   expert witnesses have been available for deposition purposes and any concerns regarding

13   their opinions offered may be remedied by taking the appropriate depositions. This argument

14   also lacks merit.

15    Fed. R. Civ. P. 26(b)(4)(A) provides that the deposition of an expert retained to testify

16   "may be conducted only after the report is provided."  There being no expert reports, Fred

17   Meyer is precluded from deposing the experts.  Additionally, the purpose of the expert

18   disclosure requirement of a written report is to minimize the amount of deposition time

19   needed, and in many cases avoid the need for the expert deposition altogether.  Plaintiff's

20   failure to comply with the expert witness report requirement eviscerates the purpose of the

21   rule and cannot be considered harmless. Therefore, under the circumstances, the applicable

22   rules and Court orders, Plaintiff's experts must be excluded from providing testimony at trial.

23    This ruling, however, does not prohibit the introduction of the testimony of Plaintiff's

24   treating physicians.  Rule 26(a)(2)(B) only requires disclosure of reports from "a witness who

25   is retained or specially employed to provide expert testimony in the case or whose duties as

26   ORDER - 5

1   an employee of the party regularly involve giving expert testimony . . . ."  In addition, the

2   Advisory Committee notes state that a treating physician "can be deposed or called to testify

3   at trial" without providing a written report.  Fed. R. Civ. P. 26(a)(2), Advisory Committee's

4   Notes, 1993 Amendment.  Since a treating physician's opinion on matters such as "causation,

5   future treatment, extent of disability and the like" are part of the ordinary care of a patient, a

6   treating physician may testify to such opinion without being subject to the extensive

7   reporting requirements of Rule 26(a)(2)(B).  *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296,

8   298 (D. Nev. 1998); *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174-175 (D. Nev. 1997).

9       However, if a physician, even though he may be a treating physician, is specially

10  retained or employed to render a medical opinion based on factors that were not learned in

11  the course of treatment of the patient, then such a doctor would be required to present an

12  expert written report. *Hall v. Sykes*, 164 F.R.D. 46, 48-49 (E.D. Va. 1995). See also,  *Piper v.*

13  *Harnischfeger Corp.*, 170 F.R.D. at 175; *Shapardon v. West Beach Estates*, 172 F.R.D. 415,

14  417 (D. Haw. 1997).

15      Accordingly, the admissibility of testimony of Ross' treating physicians is limited to

16  medical opinion based on their respective treatment of him.  The treating physicians are

17  prohibited from rendering medical opinions based on factors that were not learned in the

18  course of their respective treatment of Ross.  This prohibition includes rebuttal expert

19  testimony.

20                                  **III.  ORDER**

21       Therefore, it is **ORDERED** that Defendant's Motion to Exclude Plaintiff's Expert

22  Witnesses (Dkt. 23) is **GRANTED**.  Ross' identified expert witnesses, (a) Robert Moss, (b)

23  Dr. Michael Johnson and other expert health care providers (except as qualified herein), (c)

24  Gary D. Sloan, and (d) an unidentified representative from the State Department of Labor

25

26  ORDER - 6

and Industries or a representative from the National Institute for Occupational Safety and

Health, are hereby excluded from providing expert testimony.

DATED this 1st day of July, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 7