UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC.,<br><br>    Defendant. | Case No. C09-5285 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on the motion for partial summary judgment of Defendant Fred Meyer Stores, Inc. ("Fred Meyer") seeking dismissal of all claims asserted by Plaintiff Paul Ross ("Ross") that are based upon his workplace injury or for any damage related to his workplace injury. Dkt 17. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and grants the motion for the reasons stated herein.

**I. INTRODUCTION AND BACKGROUND**

Ross filed a Complaint for Wrongful Termination and Outrage against Fred Meyer in Pierce County Superior Court. Fred Meyer removed the matter to this Court based on diversity jurisdiction. Ross' claims arise out of his employment at Fred Meyer's

ORDER - 1

Distribution Center. In October 2007, Fred Meyer hired Ross as a probationary order selector at Fred Meyer's Distribution Center located in Puyallup, Washington. On or about May 16, 2008, Ross reported to his supervisors that he had been injured on the job on April 24, 2008, claiming that he suffered a groin injury while lifting product. Ross' claim was accepted as a workplace injury covered by Washington's Industrial Insurance Act (the "Act"), for which he received medical treatment and time loss benefits. Ross was placed on temporary disability while he received physical therapy and work conditioning. On February 20, 2009, he reported back to work and was immediately terminated. Fred Meyer claims that it had previously decided to terminate Ross' employment for his failure to succeed in his probation due to his unsatisfactory performance, attendance, and attitude. Ross was officially retained as an employee until he completed his rehabilitation and physical therapy that was being provided under his workers' compensation claim.

Ross then commenced this action for wrongful termination and outrage. Fred Meyer moves for partial summary judgment on Ross' workplace injury claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R.

ORDER - 2

Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III.  EXCLUSIVE REMEDY OF WORKER'S COMPENSATION AND EMPLOYMENT DISCRIMINATION CLAIMS

The Act is based upon a compromise between workers and employers, under which workers can obtain speedy and sure relief and employers obtain immunity from common law responsibility. The Act abolishes most civil actions arising from on-the-job injuries and replaces them with an exclusive remedy of industrial insurance benefits. *Meyer ex rel. Meyer v. Burger King Corp.*, 101 Wn. App. 270, 273 (2000). By its express terms, the Act bars all independent causes of action against the employer for damages arising out of unintentional injury to an employee. *Id*.

ORDER - 3

1    This compromise provides certain advantages to employees.  An employee may
2 obtain timely compensation and need no longer show the standard elements of a common
3 law cause of action, including fault on the part of the employer. See RCW 51.04.010;
4 *Flanigan v. Dep't of Labor and Indus.*, 123 Wn.2d 418, 423 (1994).  Instead, an employee
5 generally qualifies for workers' compensation benefits merely by suffering an injury or
6 disease during the course of employment covered by the Act.  In return, employers are
7 shielded from the full range of damages available to injured workers under the common law.
8 *Id*.  The benefits afforded an injured employee do not provide full compensation for the
9 damages incurred.  "At the most, the benefits cover only certain out-of-pocket expenses,
10 such as a portion of lost wages." *Id.*

11    The Act, however, does not bar all claims connected to a workplace injury.  As the
12 court held in *Birklid v. Boeing Co.*, 127 Wn.2d 853, 870 (1995), an injury that is of a
13 different nature, arises at a different time, and stems from different causes than a workplace
14 injury is not barred by the Act, even though it may result from actions by an employer that
15 injure an employee.  A worker injured on the job and subsequently denied accommodations
16 for his disabilities is entitled to bring a claim for discrimination, notwithstanding the
17 exclusivity provisions of the Act.  *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 573-74
18 (1987).

19    Defendant Fred Meyer does not dispute that the Act does not bar a claim of wrongful
20 termination because an employee was terminated for filing a workers' compensation claim
21 or because he had an injury or disability. See *Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App.
22 481 (2004).  Fred Meyer argues that Ross is asserting claims beyond those permitted in his
23 wrongful termination claim.

24    Although the complaint is not a model of clarity, it appears that Ross is asserting a
25 discrimination claim for wrongful termination based upon disability (RCW 49.60.180)

26 ORDER - 4

and/or wrongful termination in retaliation for claiming workers' compensation (RCW 51.48.025).

As previously noted, the Act does not bar employee claims against an employer for discrimination. See *Snyder v. Medical Service Corp. of Eastern Wash.*, 98 Wn. App. 315, 321 (1999). Accordingly, Ross is entitled to seek recovery of damages that are a result of an alleged wrongful discharge.

## IV.  OUTRAGE AND THE ACT

Ross pleads a cause of action for outrage. The complaint is unclear, however, whether this claim encompasses an intentional workplace injury or a separate injury arising from the wrongful termination.

The elements of the tort of intentional infliction of emotional distress (outrage) are: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress. *Haubry v. Snow*, 106 Wn. App. 666, 680 (2001). Conduct supports an outrage claim if it goes beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community.

In *Cagle v. Burns & Roe, Inc.*, 106 Wn.2d 911 (1986), the court held the Act did not bar a claim of outrage arising from wrongful termination of employment in violation of public policy because the plaintiff's emotional distress occurred after termination and not in the course of employment. See also *Goodman v. Boeing Co.,* 127 Wn.2d 401 (1995) (emotional damages stemmed from her employer's discriminatory behavior, not the workplace injury).

The Act contains an intentional injury exception to the exclusive remedy provision. RCW 51.24.020; *Goad v. Hambridge*, 85 Wn. App. 98, 102 (1997). In order to escape the exclusive remedy provisions of the Act, a workers' compensation plaintiff must prove an

ORDER - 5

intentional injury, not simply a recklessly inflicted one. *Birklid v. Boeing Co.,* 127 Wn.2d 853, 872-73 (1995). The exception requires a deliberate intention. An employer must have had "actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Id.* at 865; *Goad*, 85 Wn. App. at 104. Neither gross negligence nor failure to observe safety procedures and laws governing safety constitutes a specific intent to injure; nor is an act that has a substantial certainty of producing injury sufficient to show deliberate intention. *Higley v. Weyerhaeuser Co.*, 13 Wn. App. 269, 271-72 (1975). In *Higley*, a saw operator was injured when a piece of a saw's rotating cutterhead broke loose, breaking through a Plexiglass shield and driving a piece of the shield into Higley's right eye. Higley sued, alleging negligence so gross as to constitute an intentional act. He submitted affidavits attesting to the frequency of breaking and flying cutterheads and the inadequacy of the Plexiglass shielding. The court held that Higley's failure to show the employer's specific intent to injure him was fatal to his claim. *Id.* at 271.

Similarly, in *Foster v. Allsop Automatic, Inc.*, 86 Wn.2d 579 (1976), a worker injured his hand in a press. Supervisors had knowingly allowed the disabling of a safety device that required both hands to be free of the press during operation. The plaintiff urged that the defendant's behavior amounted to a deliberate intention to injure him. The court disagreed, holding that "the required intention relates to the injury, not the act causing the injury." *Id.* at 584. The plaintiff had not submitted sufficient facts to make a prima facie showing of the employer's intent to injure him.

In *Birklid*, the plaintiffs had presented evidence that the employer knew its workers were being exposed to toxic chemicals and that the chemicals would make the workers sick. The court concluded this evidence was sufficient to permit a trier of fact to determine there was a "deliberate intention" under RCW 51.24.020. *Birklid*, 127 Wn.2d at 865-66.

ORDER - 6

In the instant action, Ross has presented no evidence that Fred Meyer knew his injury was certain to occur.  At best, construing the evidence most favorably for Ross, Fred Meyer knew of the potential of an injury similar to that suffered by Ross, which is not enough to satisfy the deliberate intention standard.  See *Anica v. Wal-Mart Stores, Inc.,* 120 Wn. App. 481, 494-95 (2004)*; Goad,* 85 Wn. App. at 102. Accordingly, a cause of action for outrage in regards to an intentional workplace injury is subject to dismissal.

The Court notes that Fred Meyer in its reply seeks an order precluding Ross from offering evidence of his suffering anxiety as a result of the alleged wrongful termination. This issue was not expressly raised in Fred Meyer's motion and Ross was not provided sufficient notice of this request for relief. Therefore, the Court declines to address the issue in this order.

## V.  ORDER

Therefore, it is hereby **ORDERED** that partial summary judgment is **GRANTED**, and Ross' claim for liability and damages for intentional workplace injury (outrage), if any, is **DISMISSED**.

DATED this 1st day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7